(139 So. 577)

**NOWLING v. STATE.**

**3 Div. 702.**

Court of Appeals of Alabama.

Feb. 9, 1932.

RICE, J.

Hamilton & Caffey, of Brewton, for appellant.

598

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

■ Without dispute the evidence in this case disclosed that the searching and arresting officer, upon the occasion in question, found a large quantity of whisky, about 40 gallons, in a barrel which was buried in the ground inside of appellant's smokehouse, closely adjacent to his dwelling house; that the defendant was at home at the time the whisky was found; and that he was drunk. After a full and ample predicate had been first laid, the witness Sheriff Brown testified that "the defendant told him that it was his liquor." Upon the cross-examination of this witness it was shown the appellant was very drunk at the time he made the alleged confession, whereupon the defendant moved the court "to exclude the testimony of the witness Brown as to the statement made by the defendant in which he said that the whisky was his." The action of the court in overruling this motion is the principal insistence of error here presented. The trial court will not be placed in error for this ruling. The predicate first laid was sufficient in every respect to authorize the introduction of testimony as to the confession of the defendant. The credibility and weight to be accorded to such testimony and to the alleged confession was for the jury, and in thus considering this question the jury were instructed to consider all the evidence in connection therewith and after so doing to accord to it such credence to which it was entitled. In this connection the court appears to have been very painstaking and careful. He not only gave at the request of defendant his written charge (b) as follows: "The court charges the jury that before you can weigh the statement of defendant admitting the possession of the liquor as admission of guilt you must believe from the evidence that the defendant was conscious of such statement and conscious of its purport." But in the oral charge to the jury he stated

also: "Now, in this case there is some evidence of a confession. The court in the first instance passes upon the admissibility but never the credibility of the testimony, or the weight of the testimony. In other words, all the court can do in the first instance is to say whether or not the testimony with relation to the alleged confession—whether that confession was made voluntarily, that is, whether or not it was forced either by fear or by threats or by hope of reward held out to him at the time by others present at the time of the confession. It is admitted that there was no hope of reward held out to him, nor was the alleged confession the product of any fear engendered in the defendant by anyone present at the time. But it is the contention, gentlemen, on the part of the defendant that he was in such a mental condition at the time that he did not know the effect of what he was saying. Now, that question is exclusively and solely in your hands. It is in your province entirely to say what credence you will give to that or what effect you will give to the alleged confession if in fact one was made there to the sheriff at that time. Did the defendant understand and know what he was saying? Was he conscious of his words there and their effect? That is the question for you to determine. If he did not understand what he was talking about, if he was talking out of his head at random, then if you believe that it would be your duty and your exclusive sphere to reject and not attach any effect to that testimony. But if you believe beyond all reasonable doubt that such a confession was made and that it was made with the knowledge on the part of the defendant of what was going on at the time; that he knew what he was talking about, that he consciously made it, and that what he said was the truth, then gentlemen it is for you to accept and act upon as your good sense and your good common judgment dictates under the circumstances, as tending to show whether he was in possession of this particular liquor, or whether or not somebody else was in possession of it without any knowledge on his part."

■■ From the foregoing we are of the opinion that no prejudicial error inured to the accused. Moreover, there was testimony as to the alleged statements made by defendant other than the confession, which statements, if made, were part of the res gestæ and were highly incriminating. It is true, the accused denied making said statements, and offered the testimony of his wife, and son, to the same effect. But witness Brown on rebuttal testified that at the time in question this appellant told him "to call the negro there who was on the place to get a block and tackle so you can get that barrel out like he had been doing, and wouldn't have to dig up the smokehouse." Also: "The defendant called his wife and said: 'Lee, come here and make my bond; don't let the Sheriff take me

to jail;' to which she replied:. 'I've been telling you to quit fooling with that stuff and I'm going to let them take you to jail.'" The conflict in the evidence as to the foregoing was for the jury to reconcile and determine. And as to this evidence the jury had the right and it was their duty to consider same, if the statements were made by defendant, to determine his mental condition in line with the instructions of the court.

As we see it, there is no phase of this case which entitled the defendant to the affirmative charge. His earnest insistence to this effect cannot be sustained.

The charges refused to defendant were fairly and substantially covered by the given charge and oral charge of the court.

The motion for new trial was predicated upon the same questions which arose on the main trial and which have hereinabove been discussed and decided. The refusal of the motion for new trial was without error.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.